UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re

MICHAEL S. O'BRIEN

Debtor

Chapter 7
Case No. 05-30172-RS

ORDER
REGARDING
RELIEF FROM STAY
(Carlin and Crowne)

The Debtor's former wife (Paula M. Carlin) ("Carlin") and his former divorce lawyer (Stephen G. Crowne) ("Crowne") filed separate relief from stay motions concerning discrete fee awards issued in favor of each by the Middlesex Probate and Family Court in post-divorce litigation between the Debtor and Carlin occasioned by alleged breaches of their divorce decree ("Motions") ("Fee Awards") ("Probate Court") ("Litigation").

The Movants seek (a) relief from the automatic stay to enforce the Fee Awards (which they label domestic support orders) or (b) alternatively, an order of the Court generally advising Massachusetts state court judges that relief from stay is not necessary for enforcement of such orders.[1] The Debtor opposes the Motions.

The Carlin Fee Award is an award of attorney's fees for services rendered to Carlin by her lawyer in the Litigation. The Crowne Fee Award is an order fixing and determining the amount of a Massachusetts attorney's lien asserted by Crowne for services rendered to the Debtor by his

---

[1] The Court declines the invitation for such an advisory as unwarranted in the circumstances.

lawyer in the Litigation.

Although labeled relief from stay, the Motions are more accurately described as requests for determination that (a) the Fee Awards are domestic support obligations under the Bankruptcy Code and (b) thus, the collection of the Fee Awards from non-estate property is not subject to the automatic stay.

## Background

The full record of the divorce action and the Litigation is not before the Court. However, the following factual background is derived from the submissions of the parties in connection with the Motions and is not disputed.

Carlin and the Debtor married in May 1981, separated in May 2000 and divorced in March 2001. They have three children. Their divorce judgment issued on March 13, 2001 and incorporated their separation agreement. In late 2004 and early 2005, litigation between them ensued in the Middlesex Probate and Family Court ("Probate Court") involving disputes regarding their obligations with respect to child support, college education funds and certain mandatory reporting ("Litigation"). Crowne represented the Debtor in the Litigation (though he no longer does so).

After trial, the Probate Court (a) modified the divorce judgment by an adjustment to the Debtor's child support obligations favorable to the Debtor; (b) declined to impose upon the Debtor a college education expense obligation thus apparently leaving the divorce judgment unchanged in that regard; (c) found the Debtor guilty of contempt for willful non-payment of child support; and (d) found Carlin guilty of contempt for willful failure to establish college fund accounts and to report to the Debtor regarding the children and these accounts.

In addition, the Probate Court declined to award attorney's fees to the Debtor but did award attorney's fees to Carlin ($15,000) and to Crowne ($18,320.03), directing that they be paid by immediate withdrawal from the Debtor's retirement account(s) established and maintained through his employment at Massachusetts Institute of Technology ("Retirement Account").

On December 7, 2005, the Debtor commenced his Chapter 7 case in which he claims the Retirement Account as exempt under Section 522(d)(10)(E) of the Bankruptcy Code. At that time, the Fee Awards had not been paid by withdrawal from the Retirement Account or otherwise.

On December 23, 2005, the Probate Court held a hearing regarding enforcement of the Fee Awards but apparently declined to act pending a determination by this Court regarding the effect of the within automatic stay on such enforcement.

On January 5, 2006, Carlin filed her Motion, and on January 11, 2006, Crowne filed his Motion.

On February 7, 2006, the Court held a non-evidentiary hearing on the Motions. At that hearing, the Debtor acknowledged that the Retirement Account is not property of the estate. I afforded the parties the opportunity to submit post-hearing briefs regarding whether the Fee Awards constitute domestic support obligations within the contemplation of the Bankruptcy Code, and each party did so. Since then, the matter has been under advisement.

### Discussion

1. *Framework*

The determination of this matter prompts consideration of the interplay between

-3-

bankruptcy and domestic relations law. The applicable statutory provisions (and their explicating case law) are Section 101 (defined terms), Section 362 (automatic stay) and Section 523 (discharge exceptions).

The term *domestic support obligation* is newly added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("2005 Amendments"). The definition may be summarized as follows: a *domestic support obligation* is (a) a debt owed to or recoverable by a spouse, former spouse or child of a debtor; (b) in the nature of alimony, maintenance, or support of such spouse, former spouse or child; (c) established under a separation agreement, divorce decree or property settlement agreement, or an order of a court of record; and (d) not assigned other than for collection purposes. 11 U.S.C. §101 (14A).[2]

The filing of a bankruptcy case does not stay the collection of a domestic support obligation from property that is not property of the estate, 11 U.S.C. § 362(b)(2)(B). A bankruptcy discharge does not discharge an individual debtor (a) from a debt for a domestic support obligation, 11 U.S.C. § 523(a)(5) or (b) from a debt to a spouse, former spouse or child of the Debtor that (i) is not a domestic support obligation and (ii) is incurred in a divorce or divorce-related action, 11 U.S.C. § 523(a)(15).

It is within this framework that the Court considers the Motions and the Fee Awards.

---

[2] The 2005 Amendments also placed this term in Section 362(b)(2)(B) and Section 523(a)(5) in substitution for the phrase alimony, maintenance, and support. Case law construing alimony, maintenance, and support has largely developed in respect of former Section 523(a)(5) whose text is comparable to and largely mirrors Section 101(14)(A).

2.  *Fee Awards*

The issue raised in the Motions is this: whether and under what circumstances are debts owed by a debtor to his own lawyer or on account of his former wife's lawyer for services in a divorce-related action domestic support obligations under the Bankruptcy Code. Having considered the Motions, the arguments, the record and applicable law, the Court concludes that there are material factual matters relevant to the determination of the Fee Awards as domestic support obligations requiring an evidentiary hearing. . See *In re Rios*, 901 F2d 71 (7th Cir. 1990) and *In re Dean*, 231 B.R. 19 (Bankr. W.D. N.Y. 1999) as to the Crowne Fee Award. See *In re Michaels*, 157 B.R. 190 (Bankr. D. Mass. 1993) and *In re Hale*, 289 B.R. 788 (1st Cir. BAP 2003) as to the Carlin Fee Award.

The matters for evidentiary hearing include (but are not limited to) the divorce decree, the separation agreement, Crowne's written engagement terms (if any), the intent of the parties regarding support and their financial condition at the time of their divorce, and the scope of services rendered in respect of the Fee Awards. None of these matters is yet (or fully) before the Court. One or more may have some bearing (perhaps dispositive) on the ultimate outcome. The Court is not inclined to make a summary ruling on an incomplete record.

### Conclusion

In the foregoing circumstances, the Court will refrain from ruling on the Motions pending the conduct of an evidentiary hearing which will be separately scheduled in accordance with the Court's docket.

Dated: March 23, 2006

Robert Somma
United States Bankruptcy Judge