# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| |
|---|
| In re |
| MICHAEL S. O'BRIEN, |
|                    Debtor |

Chapter 7
Case No. 05-30172-RS

## MEMORANDUM OF DECISION
## (CARLIN)

### Introduction

Before the Court is a relief from stay motion ("Motion") filed by the Debtor's former wife, Paula M. Carlin ("Carlin") concerning a prepetition fee award of $15,000 in her favor issued in post-divorce litigation between the Debtor and her ("Fee Award"). Carlin asks that the Court (a) find that collection of the Fee Award from exempt property of the Debtor is not subject to the automatic stay as a domestic support obligation or (b) if it is subject thereto, grant relief for her to collect the Fee Award from such exempt property. The Debtor opposes the Motion.

For the reasons set forth below, I find that the Fee Award is a domestic support obligation and therefore Carlin's collection of the Fee Award from exempt property of the Debtor is not subject to the automatic stay.

### Procedural Status

On June 12, 2006, I held an evidentiary hearing on the Motion. I did so in accordance with an order I issued on March 23, 2006. See *In re O'Brien*, 339 B.R. 529 (Bankr. D. Mass 2006). Having considered my prior order in this matter, the written submissions by the parties, the testimony and exhibits at trial, and applicable law, I now render my decision.

**Background**

The post-divorce litigation between Carlin and the Debtor concerned modifications to, and alleged breaches of, the parties' divorce decree and related separation agreement, primarily as to child support matters. After trial, the probate court issued various rulings on the child support issues and found (among other things) both the Debtor and Carlin guilty of contempt.

On December 2, 2005, the probate court issued the Fee Award on account of legal services provided to Carlin by her lawyer in the litigation. The Fee Award was to be paid by the Debtor from retirement accounts established and maintained for the Debtor through his employment at the Massachusetts Institute of Technology ("Retirement Accounts"). The Debtor commenced this Chapter 7 case on December 7, 2005, at which time payment of the Fee Award had not been made. In his Chapter 7 case, the Debtor claimed the Retirement Accounts as exempt ("Exemption Claim"). Carlin initially reserved her right to object to the Exemption Claim but later withdrew that reservation. Neither Carlin nor any other party in interest filed an objection to the Exemption Claim.

**Discussion**

The Debtor timely filed the Exemption Claim and no party in interest objected thereto. Accordingly, the Retirement Accounts are exempt property and thus not property of the Debtor's bankruptcy estate. 11 U.S.C. §522(d) and 11 U.S.C.§522(I). The Fee Award is a domestic support obligation in that it is a debt owed to or recoverable by Carlin on a child support matter and has been established by order of the probate court. 11 U.S.C. §101(14A). See *In re Michaels*, 157 B.R. 190, 193 (Bankr. D. Mass. 1993); *In re Macy*, 192 B.R. 802, 804 (Bankr. D. Mass. 1996); and *In re Hale*, 289 B.R. 788, 791 (1st Cir. BAP 1998).

Because the Fee Award is a domestic support obligation, it is not subject to the automatic

stay to the extent Carlin seeks to collect it from the Retirement Accounts (or any other exempt property of the Debtor). 11 U.S.C. §362(b)(2)(B). In addition, the Fee Award is a debt dischargeable in the Debtor's Chapter 7 case. 11 U.S.C. §524(a)(5).

### Conclusion

For the foregoing reasons, the Motion is granted and Carlin may proceed to collect the Fee Award from the Retirement Accounts.[1]

A separate order will issue.

Date:  April 17, 2007  _____
　　　　　　　　　　　　　Robert Somma
　　　　　　　　　　　　　United States Bankruptcy Judge

cc:　Richard S. Ravosa, Counsel to Debtor
　　　Jon H. Kurland, Counsel to Paula M. Carlin
　　　Office of the United States Trustee

---

[1] In view of my ruling, Carlin's motion to extend the deadline for a complaint as to discharge or exception to discharge is moot.