## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**MICHAEL S. O'BRIEN,**<br><br>     **Debtor** | Chapter 7<br>Case No. 05-30172-RS |

### MEMORANDUM OF DECISION
### (CROWNE)

### Introduction

Before the Court is a relief from stay motion ("Motion") filed by the Debtor's former divorce lawyer, Stephen G. Crowne ("Crowne") concerning a prepetition fee award of $18,320.03 in Crowne's favor issued in post-divorce litigation between the Debtor and his former wife ("Fee Award"). Crowne asks that the Court (a) find that collection of the Fee Award from exempt property of the Debtor is not subject to the automatic stay as a domestic support obligation or (b) if it is subject thereto, grant relief for him to collect the Fee Award from such exempt property. The Debtor opposes the Motion.

### Procedural Status

On June 12, 2006, I held an evidentiary hearing on the Motion. I did so in accordance with an order I issued on March 23, 2006. See *In re O'Brien*, 339 B.R. 529 (Bankr. D. Mass 2006). Having considered my prior order in this matter, the written submissions by the parties, the testimony and exhibits at trial, and applicable law, I now render my decision.

### Background

The post-divorce litigation between the Debtor and his former wife concerned modifications to, and alleged breaches of, the parties' divorce decree and related separation

agreement, primarily as to child support matters. After trial, the probate court issued various rulings on the child support issues and found (among other things) both the Debtor and his former wife guilty of contempt.

On December 2, 2005, the probate court issued the Fee Award on account of legal services provided to the Debtor by Crowne in the litigation. The Fee Award was to be paid by the Debtor from retirement accounts established and maintained for the Debtor through his employment at the Massachusetts Institute of Technology ("Retirement Accounts"). The Debtor commenced this Chapter 7 case on December 7, 2005, at which time payment of the Fee Award had not been made. In his Chapter 7 case, the Debtor claimed the Retirement Accounts as exempt ("Exemption Claim"). Neither Crowne nor any other party in interest filed an objection to the Exemption Claim.

## Discussion

The Debtor timely filed the Exemption Claim and no party in interest objected thereto. Accordingly, the Retirement Accounts are exempt property and thus not property of the Debtor's bankruptcy estate. 11 U.S.C. §522(d) and 11 U.S.C.§522(I). The Fee Award is not a domestic support obligation. By his own testimony, Crowne was employed by the Debtor to represent him in the litigation, and he did so. He did not represent the Debtor's former wife, their children or a guardian ad litem. The Fee Award resulted from, and was occasioned by, his representation of the Debtor, and, ultimately, is based upon the contractual relationship between client and lawyer. 11 U.S.C. §101(14A). See *In re Rios*, 901 F.2d 71, 72-73 (7th Cir. 1990); *In re Akamine*, 217 B.R. 104, 110-113 (D. N.Y. 1998); and *In re Miceli*, 2000 WL 1285347 (Bankr. N.D. Ill. 2000).

Because the Fee Award is not a domestic support obligation, it is subject to the automatic stay and is not collectible from the Retirement Accounts as a domestic support obligation.

2

However, the matter does not rest there. The probate court's order in respect of the Fee Award appears to have effectuated a judicial lien on the Retirement Accounts to the extent of the Fee Award. Crowne has not claimed such a lien in this case and, should he do so, the Debtor may assert whatever rights he may have to avoid that lien under the provisions of the Bankruptcy Code protecting the impairment of exemptions. 11 U.S.C. §522(f). Hence, while the Motion is properly denied, Crowne is entitled to pursue that judicial lien claim subject to whatever protective rights the Debtor may have to avoid or otherwise to challenge such claim.[1]

## Conclusion

For the foregoing reasons, the Motion is denied and Crowne may not collect the Fee Award as a domestic support obligation against the Retirement Accounts. The denial is without prejudice to Crowne's right to assert a judicial lien on and against the Retirement Accounts and to seek relief from stay to enforce such a lien provided that (a) he shall file any such motion by May 31, 2007 and (b) the Debtor's rights to challenge or to avoid such lien are fully reserved.[2]

A separate order will issue.

Date:  April 17, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc:   Richard S. Ravosa, Counsel to Debtor
      Stephen G. Crowne, Esq.
      Office of the United States Trustee

---

[1] The probate court apparently recognized an attorney's lien in Crowne's favor in the post-divorce litigation. See M.G.L.A. c. 221 §50. Crowne has not requested relief in respect of this lien and, in any case, the lien seems inchoate and of uncertain value given the outcome of the litigation.

[2] In view of my ruling, Crowne's motion to extend the deadline for a complaint as to discharge or exception to discharge will be granted.

3